Petition of David Wayne
PITCHFORD Ex Parte

79-32 . 581 S.W. 2d 321

Opinion delivered May 21, 1979
(In Banc)

Pro Se

CARLETON HARRIS, Chief Justice. David Wayne Pitchford filed an *ex parte* motion, styled "David Wayne Pitchford v. Ex Parte", in this court seeking to take the bar examination. Mr. Pitchford is not a graduate of a law school and the petition does not reflect whether he attended college. Pertinent provisions of Rule XII of the Rules Governing Admission to the Bar read as follows:

## Rule XII
## REQUIREMENTS FOR TAKING EXAMINATION

1. Graduation from a law school shall not confer the right of admission to the bar, and every candidate shall be subject to an examination.

* * *

3. No candidate shall be allowed to take the Bar Examination unless he has graduated, or completed the requisites for graduation, from a law school approved by the American Bar Association or the State Board of Law Examiners.[1]

* * *

It is asserted that the rule is a violation of Ark. Stat. Ann. § 25-101 (Repl. 1962) which provides:

Qualifications for admission. — Every citizen of the age of twenty-one [21] years, of good moral character, and

---

[1]There is also a requirement for college pre-law training, but that is not here involved.

who possess [possesses] the requisite qualification of learning and ability, may, upon application, and in the manner hereinafter provided, be admitted to practice as an attorney and counselor at law in the courts of this state. Provided, it shall be lawful for the Supreme Court to admit to practice as an attorney and counselor at law in the courts of this state any citizen under the age of twenty-one [21] years who is of good moral character and who possesses the other requisite qualifications of learning and ability, and who is a graduate of any accredited, recognized or Class A law school.

Before proceeding with the discussion of the contentions, it is probably well to first pass upon a motion for default judgment filed by Mr. Pitchford. While this motion was denied on March 19, 1979, specific reasons were not given. The motion for default judgment is not proper. The motion was denied because, in the first place, the Board of Law Examiners was not made a party; rather, as shown at the outset, the petition was simply an *ex parte* proceeding. Since the Board was not a party, it was not required to file an answer.[2] Mr. Pitchford himself recognized that the Board was not a party in a letter to the clerk dated January 6, 1979, wherein he stated:

I respectfully represent that, I do not have to serve or even notify either of the members of the above mentioned organization.

My Motion arises out of a rule that the honorable Supreme Court of Arkansas inacted [sic] and has nothing to do with the Board of Law Examiners. That is why it is styled 'David Wayne Pitchford vs. Ex Parte.'

Of course, Mr. Pitchford is correct in that the rule is a court rule, and we are simply being asked to set it aside.

The present Ark. Stat. Ann. § 25-101 was an amendment to the Civil Code, passed in 1873 as Act 88, and was last amended in 1927. The contention that our rule violates this

---

[2]The chairman did direct a letter to the clerk, sending copy to Mr. Pitchford, pointing out that the Board was not a party to the action, and he did express his personal views that the matter was controlled by Amendment 28 to the Arkansas Constitution.

statute appears to be the principal argument advanced by petitioner.

It is also asserted that the rule:

3) * * * violates the rights provided by, the Constitution of the State of Arkansas, Article 2, sub-section 12, in that, no power but the General Assembly can set aside or suspend the laws of the State of Arkansas.

4) That the rule subject of this motion is in direct opposition to, and violates the rights provided by, the Declaration of rights, within the Constitution of Arkansas, Article 2, sub-section 2, in that it deprives one the pursuit of their happiness, and liberty, for a person who has graduated from a law school or has a diploma from a law school should not be considered any more qualified to take the Bar examination and practice law than a person who has obtained the same knowledge of the law elsewhere.

It is further contended that the rule violates the rights provided by the Fourteenth Amendment.

We first discuss the argument relating to constitutional rights. Petitioner is in error in declaring that no power but the General Assembly can set aside or suspend the laws of the State of Arkansas, for certainly a constitutional amendment which changes prior procedure is superior to a legislative act, and Amendment 28, hereafter discussed more fully, places the authority to regulate the practice of law in the State Supreme Court.

In *McKenzie v. Burris,* 255 Ark. 330, 500 S.W. 2d 357 (1973), this court said:

Since the practice of law is a profession licensed as a privilege or franchise and its members officers of the court and a necessary arm of the judicial system, it is not a natural right, the regulation of which is limited by the state constitution.

As to the Fourteenth Amendment, in the same case the Court commented:

> The right to practice in state courts is not a privilege or immunity under the Fourteenth Amendment to the United States Constitution. [Citing cases.] It is only when there is no rational basis for denying the right or privilege to practice in a state or there is arbitrary action or invidious discrimination by state officers excluding one from the practice that the 'due process' and 'equal protection' clauses of the Fourteenth Amendment come into play. [Citing cases.] But it was recognized in *Konigsberg*,[3] as it had always been, that states are free to determine who may practice in their courts, so long as the power to do so is not exercised in an arbitrary or discriminatory manner. [Citing cases.]

The United States Supreme Court has said that the fact that rules may result in "incidental individual inequality" does not make them offensive to the Fourteenth Amendment. *Martin* v. *Walton,* 368 U.S. 25; *Phelps* v. *Board of Education,* 300 U.S. 319.

As earlier st: .ed, petitioner's principal argument is based on Ark. Stat. Ann. § 25-101, heretofore set out. Petitioner points out that the statute, in referring to people who have reached the age of 21 years, makes no requirement whatsoever for graduation from a law school in order to be permitted to take the bar examination and that it only provides that the person shall have "the requisite qualification of learning and ability," which he, in oral argument, contended could be acquired by study elsewhere than in law school.

It might be here pointed out that there is no contention in his petition that he has obtained the equivalent of a law school education by study in a law office;[4] the entire petition

---

[3] *Konigsberg* v. *State Bar of California,* 353 U.S. 252.

[4] Mr. Pitchford mentioned in oral argument that in Virginia a person could read law and become a lawyer without going to law school, and that the program was still in effect. The record reflects that he was then asked, since he was a native of Virginia, why he didn't follow that practice there, to which he replied: "Sir, what I did, I read law under my father who became deathly ill, and there was some controversy as to whether or not he was in the office enough." He did not say how long he studied in the office.

is simply a contention that Rule XII is invalid and that there is no authority on the part of the court to promulgate a rule which is in conflict with the aforementioned statute, and further, that the rule is unconstitutional. Of course, ordinarily a rule would not supersede a statute, but petitioner overlooks the fact that this rule is the result of constitutional Amendment 28, passed by the people of this state in 1938. The Arkansas Supreme Court refused to make rules until this amendment was passed, the amendment reading as follows:

> Supreme Court — Rule Making Power. — The Supreme Court shall make rules regulating the practice of law and the professional conduct of attorneys at law.

So — the question is not whether a rule supersedes the statute, but rather, whether a provision of the constitution supersedes the statute. Here, there is a conflict insofar as the rule, authorized by Amendment 28, requires graduation from a law school approved by the American Bar Association or the State Board of Law Examiners, while the statute requires no law school training. In *McKenzie* v. *Burris,* supra, we pointed out that statutes in conflict with rules adopted by this court under authority given by Amendment 28 were superseded by such rules. Of course, parts of a statute which do not conflict with a constitutional provision retain their validity.

Petitioner agrees that the amendment gives authority to discipline attorneys, but he argues that this is the entire purpose of the amendment, i.e., that the "regulating" authorizes only the taking of action against attorneys who have violated legal obligations. The wording of the amendment itself reflects the incorrectness of such an interpretation, for it clearly states "regulating the practice of law *and* the professional conduct of attorneys at law." (Our emphasis.) If petitioner's interpretation were correct, there would be no necessity in mentioning both functions.

Certainly, there can be no doubt that regulating the practice of law includes the preparation of rules determining and setting out the qualifications of one who desires to take the bar examination.

Again, in *McKenzie,* this court said:

Amendment 28 certainly put to rest for all time any possible question about the power of the courts to regulate the practice of law in the state. There can be no doubt that the power of the judicial department, acting through this court, is, in this respect, exclusive and supreme under this amendment, if the power was not already inherent in the courts. This does not mean, however, that adoption of this amendment had the effect of invalidating every act of the General Assembly bearing upon the subject, particularly those passed prior to the effective date of the amendment, if they are not necessarily in irreconcilable conflict with or repugnant to the amendment. An existing statute is superseded by a subsequent constitutional amendment only when there is an irreconcilable conflict or the statute is necessarily repugnant to the new constitutional provision.

Again, in *Weems* v. *Supreme Court Committee on Professional Conduct,* 257 Ark. 673, 523 S.W. 2d 900, we said:

The acts of the Legislature with regard to regulating and defining the practice of law are to be considered to be in aid of the judicial prerogative and not in derogation thereof. *Arkansas Bar* v. *Union National,* 224 Ark. 48, 273 S.W. 2d 408 (1954).

Likewise, in *Feldman* v. *State Board of Law Examiners,* 438 F. 2d 699 (1971), the Circuit Court of Appeals (in affirming the district court) stated:

The principle is firmly established that the judicial branch of the government, acting through the courts, has exclusive jurisdiction to admit, control and disbar attorneys. The courts may and frequently do honor implementing legislation, but clearly are not bound so to do.

The language of the Pennsylvania Supreme Court in *Appeal of Murphy,* 393 A. 2d 369 (1978), *cert. denied,* 99 S. Ct. 1204 (Feb., 1979), is pertinent to the matter before us. There,

Murphy had appealed from the refusal of the Board to allow him to sit for the bar examination. The refusal was based on a rule by the Pennsylvania Supreme Court that an applicant must be a graduate of both an accredited college and an accredited law school, the latter accreditation by the American Bar Association. The rule making power concerning the practice of law was granted to the court by Article 5, § 10(c) of the Constitution of Pennsylvania. In holding that Murphy was not qualified to take the examination, the court said:

> The admission of a person to practice law in this state is and always has been a judicial function, exercised now exclusively by the Supreme Court, with the aid of the State Board of Law Examiners. As explained at the outset, we have chosen to make a legal education one of the pre-conditions of seeking admission to our bar whether through the taking of the bar examination or recognition of the five-year practice equivalent in a reciprocating sister state.[5]

Petitioner, in oral argument, stoutly argued that one could just as easily become qualified by studing in a law office, as by attending a law school. Of course, here, the record reflects no such office training on the part of Mr. Pitchford. There is no evidence, nor even allegation, that he has, for any period of time, attended any college, or law school, and the only reference to office training was mentioned in oral argument as reflected in footnote (4) of this opinion. Petitioner mentioned what he deemed the inadequacies of many lawyers, trained in law school, and practicing their profession. The comparison was also extended, although to a lesser degree, to those in the medical profession. Of course, it is true that in pioneer days men practiced law, medicine, dentistry, and engineering with but little, if any, academic training; cer-

[5]It is interesting to note that Murphy was a graduate of Western State University College of Law of Orange County, Fullerton, California, and had taken and passed the California bar examination and been admitted to practice law in that state. Additionally, he had been admitted to practice before the United States District Court of Appeals for the Third District, the United States District Court for the Middle District of Pennsylvania, and the United States District Court for the Northern District of California. The action of the Pennsylvania Supreme Court was taken on the basis of the fact that the Western State University College of Law was not accredited by the American Bar Association.

tainly no one would deny, however, that the great strides of progress made in all of these professions could not have been accomplished except for scholastic and specialized training.

It follows, from what has been said, that we find petitioner's argument to be without merit and accordingly, the petition is denied and dismissed.

It is so Ordered.

BYRD, J., dissents.

CONLEY BYRD, Justice, dissenting. I cannot disagree with the majority's reasons for not setting aside Rule XII. However, I would waive the Rule as to petitioner for him to take the examination on a one time basis as he suggested during his oral presentation. Occasionally people with little formal education surpass their fellowman with outstanding college degrees in the same field. Among such people are Abraham Lincoln, Henry Kaiser and Thomas A. Edison. History tells us that Thomas A. Edison's teacher suggested to his parents that they were wasting their time and money in trying to send him to school.

It may be that petitioner will never become an Abraham Lincoln, but he appears enough of a "Maverick" to me that I would make an exception for the one time examination.

For the reasons stated, I respectfully disagree with the majority.