212

Madelyn ATKINSON, County Clerk, et al
*v.* EL DORADO SCHOOL DISTRICT NO. 15

79-158                                               590 S.W. 2d 5

Opinion delivered December 3, 1979
(In Banc)

*William A. McLean,* Deputy Prosecuting Attorney, for
appellants.

*Brown, Compton & Prewett, Ltd.,* for appellees.

GEORGE ROSE SMITH, Justice. When the annual school
elections were held in Union county on March 14, 1978, the
three school districts involved in this case were separate
districts. The voters of the Lawson District approved a
40-mill school tax, those of the Urbana District approved a
45-mill tax, and those of the El Dorado District approved a
58-mill tax. Later in March the school boards of the Lawson
and Urbana Districts, being unable to maintain the "A"
rating required by the Quality Education Act, petitioned the
County Board of Education to abolish those districts and
annex their territory to "another district." (Ark. Stat. Ann.
§ 80-4602 [Supp. 1979].) In April the county board approved
the two petitions, dissolved the two districts, and annexed
their territory to the El Dorado District. In November the
county quorum court levied school taxes for each of the
three districts at the rate approved in the preceding March
school election.

When the time came for the county clerk to extend the

taxes on the tax books, for collection in 1979, the clerk proposed to extend them at the millage rates approved in the school elections and levied by the quorum court; that is, 40 mills for the former Lawson District territory and 45 mills for the former Urbana District territory. The El Dorado District, insisting that its 58-mill tax be levied, brought this suit for an injunction and declaratory judgment requiring the county clerk and the collector to extend and collect the taxes in both the former districts at the El Dorado rate. This appeal is from a decree requiring that the 58-mill tax be levied.

There appears to be no constitutional provision or statute applicable to this particular situation. It is, however, fundamental in our law that the property owners within a school district have the right to vote on the millage rate every year at the school election. Const. Amendment 40; Ark. Stat. Ann. § 80-602 (Repl. 1960). In 1978, when the Lawson and Urbana School Districts still existed, their electors exercised that right and fixed the rate of taxation for all property within the districts. It was only later on that the two small districts were annexed to the El Dorado district, where other electors had voted for a somewhat higher millage rate. The quorum court's decision to levy the school taxes at the rate approved by the electors in each district was reasonable and just. Needless to say, the tax rate for years subsequent to 1978 is to be determined at the annual El Dorado School District elections, in which all the property owners will be entitled to vote.

Reversed.