Ed LOVE, Dan Mobley, John Owen, John Hogue, Jim Tyler, Norris Medlin, and The Bryant School District *v.* Terry HILL and Nancy Hill, Individually and as Parents and Next Friends of Andrew Hill and Margaret Hill, Minors

88-130                                    759 S.W.2d 550

Supreme Court of Arkansas
Opinion delivered November 14, 1988

*Boswell, Tucker & Brewster,* by: *Clark S. Brewster,* for appellant.

*George D. Ellis,* for appellee.

STEELE HAYS, Justice. Appellees, Terry and Nancy Hill, are

residents of the Little Rock School District and are the parents of Andrew and Margaret Hill, ages eight and twelve. Mrs. Hill is a high school English teacher in the Bryant School District. Appellants are the Bryant School District, members of the school board and the superintendent.

Relying on Act 624 of 1987, appellees applied to the district to enroll Andrew and Margaret Hill to attend elementary school in the district. The applications were denied and appellees filed this action for declaratory and injunctive relief. The chancellor granted a temporary order for the children to attend school in Bryant pending a final adjudication. The appellants filed a counter-claim challenging the constitutionality of Act 624 and after a trial on the merits the chancellor granted the relief sought by the appellees. Appellants have appealed and we affirm.

Appellants argue that Act 624, codified as Ark. Code Ann. § 6-18-203(b) (Supp. 1987), is unconstitutional in that it violates the equal protection clause of the United States Constitution and is a grant of privileges to one class of citizens not equally belonging to all citizens. Arkansas Constitution, Article II, Section 18.

Section 6-18-203(b) reads:

> The children or wards of any person who is a public school teacher in one school district in this state and a resident of another school district shall be entitled to be enrolled in and to attend school in either the district in which the parent or guardian resides or the district in which the parent or guardian is a public school teacher.

Appellants contend there is no rational basis for this legislative enactment. They maintain that teachers are not entitled to greater convenience in arranging school attendance for their children than other working households and that the Bryant School District is already burdened by incessant annual growth of its enrollment. The arguments are not well taken and cannot be sustained under the law.

Where the constitutionality of legislative enactments is the issue the law places upon the challenger the burden of proving the act unconstitutional. *Citizen's Bank of Batesville* v. *Estate of Pettyjohn*, 282 Ark. 222, 667 S.W.2d 657 (1987).

There is a presumption of constitutionality attendant to every legislative enactment and all doubt concerning it must be resolved in favor of constitutionality. *Stone* v. *Stone*, 254 Ark. 1011, 498 S.W.2d 634 (1973). If it is possible to construe an act so that it will pass the test of constitutionality, the courts not only may, but should and will, do so. *Davis* v. *Schimmel*, 252 Ark. 1201, 482 S.W.2d 785 (1972).

■ We do not judge the wisdom of the produce of the legislative branch, "our task is merely to consider if *any* rational basis exists which demonstrates the possibility of a deliberate nexus with state objectives so that the legislation is not the product of utterly arbitrary and capricious government and void of any hint of deliberate and lawful purpose . . ." [*Straight* v. *Ragland*, 280 Ark. 206, 655 S.W.2d 459 (1983)].

■ Judged in that light, we have no doubt but that this legislation rests upon a rational basis. That which might facilitate a teacher's transportation of his or her children, or enables them to be nearer to the teacher, or to each other, during school hours, may well be deemed useful in alleviating problems which might otherwise distract a teacher, or necessitate his or her withdrawal from active teaching.

The argument that this legislation simply adds enrollment to an already burgeoning school district does not address itself to this branch of government, but to the legislative branch. It is not our place to pass on the need for, or the prudence of, legislation. Our review is limited to its constitutionality.

Appellants also argue that the trial court erred in failing to recognize a conflict between Ark. Code Ann. § 6-18-203(b) (Supp. 1987) and § 6-18-317 (Supp. 1987), and in failing to find the district is prohibited from enrolling the Hill children under § 6-18-317 (Supp. 1987), which reads:

(a) Board of Directors of local school districts are prohibited from granting legal transfers in the following situations:

(1) Where either the resident or the receiving district is under a desegregation-related court order or has ever been under such a court order; and

> (2) The transfer in question would negatively affect the racial balance of that district which is or has been under such a court order. . . ."

Appellants point out that the chancellor took judicial notice of the fact that the Little Rock School District is involved in continuing litigation which is "desegregation-related" and the transfer of these children would negatively affect the racial balance of the Little Rock School District. They argue that the statutes are in direct conflict and the racial balance of the Little Rock district is of greater public importance than insuring that children of teachers are enrolled where a parent or parents are teaching.

■ We need not decide which of these considerations is dominant, as we have not been persuaded that the provisions cannot be reconciled—a necessary prerequisite, because we are obliged to harmonize these statutes so as to give effect to both if it is possible to do so. *Cummings* v. *Washington County Election Commission*, 291 Ark. 354, 234 S.W.2d 486 (1987); *Bolden* v. *Watt*, 290 Ark. 343, 719 S.W.2d 428 (1986). This is especially true when the two enactments are adopted at the same session of the legislature, as these were. *Sargent* v. *Cole*, 269 Ark. 121, 598 S.W.2d 749 (1980).

■ Appellees point out that the Hill children are not "transferring" from one district to another as that word is ordinarily understood, but are availing themselves of a statutorily created right to enroll in the first instance in the district where one of their parents teaches. The making of a choice created by the statute does not result in a "transfer" as contemplated by § 6-18-317 (Supp. 1987). The prohibition of subsection 317 is against "legal transfers," dealt with generally in subsection 306, which provides for petitioning to attend school in a non-resident district, requiring the approval of both the sending and the receiving district. *Newark School District* v. *Cord-Charlotte School District*, 278 Ark. 110, 644 S.W.2d 110 (1983). The legislature did not use the term "legal transfer" in § 6-18-203(b) (Supp. 1987), but referred to "enrolling" in the district where the parent teaches. There is no suggestion in the latter section that the legislature intended this process to be comparable to "legal transfer." We find, therefore, that these statutes are not

irreconcilable.

Finding no error, we affirm the judgment.