The Honorable Bob "Sody" Arnold State Representative 324 Cherry Street Arkadelphia, AR 71923
Dear Representative Arnold:
This is in response to your request for an opinion interpreting Opinion Nos. 85-108, 88-319, and Atkinson, Clerk v. El Dorado School District No. 15, 267 Ark. 212, 590 S.W.2d 5 (1979). Specifically, you want to know what the current millage rate is in the Gurdon School District which now includes a part of the former Okolona district. Additionally, you inquire as to what impact the "rollback" provisions of Amendment 59 to the Arkansas Constitution have on the personal property and utility and carrier millage rates in the newly annexed district.
As I understand that the county clerk is faced with pressing time constraints with regard to this issue, and that the quorum court has delayed action in this matter pending this opinion, it is necessary to expedite review of your first question. Resolution of your second question regarding Amendment 59, however, will require detailed review, and as such, will not be answered on an expedited basis.
Your question arises under the current situation of the Gurdon School District. Part of what was the former Okolona School District was merged into the Gurdon district after failing to meet minimum state requirements. AT the time of the merger, the Okolona district's real property millage rate was 32 mills. At the annual school election in September of 1988 (after the merger), a measure to "increase" the Gurdon millage rate from 21 mills to 29 mills failed. The question thus becomes whether, post election, all patrons of the newly annexed district are subject to a tax of 21 mills, or whether patrons of the former Okolona district, which is now a part of Gurdon, continue to pay 32 mills, while the remainder of the Gurdon district continues to pay 21 mills.
This precise question is the subject to Opinion No. 85-107. That opinion concludes, based upon Article 14, 3 of the Arkansas Constitution, that the annexed district's rate remains at the rate last approved in its annual school election. Applying this conclusion to the facts before us produces a rate of 32 mills for that portion of the Gurdon district which was formerly Okolona, and a rate of 21 mills for the remainder of the Gurdon district.
Neither Opinion No. 88-319, nor Atkinson addresses this same precise question. Each of these opinions addresses only the question of whether it is proper to levy each district's separate respective rate after merger but before the next school election. The court in Atkinson merely concludes that to maintain the separate rates after merger is "reasonable and just" and that future millage rates are to be determined at the annual school election where all property owners will be entitled to vote. The court does not address the question of the effect of a failed proposed millage increase on the current rates. Nor is this question addressed in Opinion No. 88-319. Thus, these opinions do not conflict with Opinion No. 85-107.
It is my opinion that the conclusion reached in Opinion No. 85-107 remains the most accurate assessment of the law. This is not to say that the issue presented does not form the basis of a fair dispute. The language from Arkansas Constitution, Art. 14, 3, (cited in Opinion No. 85-107) could reasonably lend itself to more than one interpretation. That language provides:
 If a majority of the qualified voters in said school district voting in the annual school election shall approve the rate of tax so proposed by the Board of Directors, then the tax at the rate so approved shall be collected as provided by law. In the event a majority of said qualified electors voting in said annual school election shall disapprove the proposed rate of tax, then the tax shall be collected at the rate approved in the last preceding annual school election. [Emphasis added.]
It is the emphasized language which prompts the question: Whose last preceding annual school election? Does this provision operate so as to require collection of the rate last approved in the Okolona district as regards its former patrons? Or does it operate to require imposition on the former Okolona patrons of the rate approved in the last Gurdon election?
The question is a good one, and can only be definitively answered by a binding judicial decision. Until such time, Opinion No. 85-107 remains the opinion of this office.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.