The Honorable Steve Bell State Senator P.O. Box 4282 Batesville, AR 72503
Dear Senator Bell:
This is in response to your request for an opinion regarding the constitutionality of proposed Senate Bill 630, which addresses the millage rate levied in a school district following annexation, consolidation, or merger of all or parts of two or more districts. The bill provides for the board of director's submission of a proposed millage rate to the electors of the resulting district at the next annual school election. Section 1 of the bill states:
 If the electors fail to approve the proposed millage rate, the millage rate for the district shall be the millage rate levied at the preceding school election in the district which had the highest average daily membership during the preceding school year.
Section 5 of the bill would repeal A.C.A. § 26-80-111 (Supp. 1989), which states that following consolidation of two or more school districts, the millage rates voted in the former districts shall remain in effect until a new common tax rate in the new district is approved.
It is my opinion that if faced with the question, a court would in all likelihood uphold the constitutionality of this bill.
The constitutional question arises in light of Article 14, section 3 of the Arkansas Constitution wherein it states with regard to the proposed rate of tax at the annual school election:
 If a majority of the qualified voters in said school district voting in the annual school election shall approve the rate of tax so proposed by the Board of Directors, then the tax at the rate so approved shall be collected as provided by law. In the event a majority of said qualified electors voting in said annual school election shall disapprove the proposed rate of tax, then the tax shall be collected at the rate approved in the last preceding annual school election. [Emphasis added.]
This office has previously opined, in the absence of any legislative enactments on the subject, that in the event a proposed millage rate is rejected following annexation, consolidation, or merger, then the annexed, consolidated, or merged district's tax rate will remain at the rate last approved in its annual school election. Att'y Gen. Op. Nos. 85-107 and 89-027. It was noted in Opinion Number 89-027, (copy enclosed), however, that a legitimate question may be raised with regard to the language of Article 14, section 3, emphasized above. This language may, as noted in Opinion 89-027, reasonably lend itself to more than one interpretation. It was thus concluded that while the former Opinion No. 85-107 remains the opinion of this office, a definitive answer must be provided by a binding judicial decision.
These previous opinions were issued in the absence of legislative enactments addressing the matter. The Arkansas Supreme Court has not, according to our research, been squarely faced with the issue. The court does state in Atkinson, Clerk v. El Dorado Sch.Dist. 15, 267 Ark. 212, 590 S.W.2d 5 (1979) that it is ". . . fundamental in our law that the property owners within a school district have the right to vote on the millage rate every year at the school election," and that the tax rate for years subsequent to the annexation in that case ". . . is to be determined at the annual El Dorado School District elections, in which all the property owners will be entitled to vote." Id. at 213. Yet the court in that case was clearly not faced with a failed proposed millage rate following annexation. If a majority of the qualified voters in the resulting district reject the proposed millage, the question remains under Article 14, section 3: "whose last preceding annual school election?"
It is this question that Senate Bill 630 seeks to address. It is well established that although legislative interpretation of constitutional provisions is never binding on the courts, it is persuasive and entitled to some consideration if there is any doubt or ambiguity. Mears v. Hall, 263 Ark. 827, 569 S.W.2d 91
(1978). The ambiguity in Article 14, section 3 with respect to the millage rate in a district resulting from annexation or consolidation is, in my opinion, apparent. Senate Bill 630 provides for the required election. See Atkinson, supra. It then identifies the last preceding school election that will be controlling for purposes of the applicable millage rate if the proposed rate following annexation or consolidation is rejected. We cannot state that this legislative proposal is unconstitutional, particularly in light of the General Assembly's plenary authority with regard to the formation or dissolution of school districts. See Special School District No. 60 v.Special School District No. 2, 181 Ark. 253, 258, 25 S.W.2d 443
(1930).[1] If it is possible to construe an act so that it will pass the test of constitutionality, the courts not only may, but should and will do so. Love v. Hill, 297 Ark. 96,759 S.W.2d 550 (1988). It is significant to note in this regard that the Arkansas Supreme Court has recognized the General Assembly's duty under Article 14, section 3 to "provide by general laws for the support of common schools by taxes." Special School DistrictNo. 60, 181 Ark. at 257. The legislature has full and complete power in the matter, according to the court, except as restricted by the constitution. Id. The apparent ambiguity in Article 14, section 3 belies the assertion that the General Assembly's power to enact Senate Bill 630 has been restricted thereby. It may even be successfully contended that this constitutional provision does not address the applicable rate of tax following the rejection of a proposed rate in a district resulting from consolidation, annexation, or merger.
The foregoing precepts lead us to conclude that Senate Bill 630 would in all likelihood withstand constitutional scrutiny.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] A problem might arise if the obligations of the former district(s) were impaired as a result of the rate levied following consolidation or annexation. Id. It seems, however, that this would raise a question as to the enforceability of SB 630 as applied, as opposed to the constitutionality of the bill on its face.