The Honorable Art Givens State Representative 301 Brookwood Road Sherwood, AR 72116-4205
Dear Representative Givens:
This is in response to your request for an opinion on the following questions:
 1. Does Section 7 of Act 187 of 1987 prohibit any state retiree from seeking election to a constitutional office?
 2. Are any of the constitutional officers "employees" as defined in Act 187 of 1987?
 3. Can the State of Arkansas enact a law which would prohibit a retired citizen from seeking an elected office?
With regard to your first question, this office has previously concluded that the term "employment" would probably be construed to include public office for purposes of construing laws relating to retirement from the state or county. Att'y Gen. Op. No. 87-467. Thus, following this construction, elected and appointed public officers are eligible for the early retirement incentives under the 1987 act. One might similarly contend that the prohibition in Section 7 of Act 187 against "subsequent employment, as an employee" by a state agency encompasses elected constitutional officers. A.C.A. § 24-5-122(c) (Supp. 1989).[1] This construction of Section 7 may, however, lead to constitutional problems.
Although it seems that the terms "employee" and "employment" under Act 187 of 1987 may reasonably be construed to include public officers, when viewed from a constitutional stand-point, legitimate questions arise with regard to the legislature's authority to impose restrictions upon the right to run for public office. The United States Court of Appeals for the Eighth Circuit has stated that the power of a state to restrict the right of candidates to run for office is "severely circumscribed by the Constitution." MacBride v. Exon, 558 F.2d 443, 448 (8th Cir. 1977). The Eighth Circuit has applied the "compelling state interest" test in its review of election law requirements and restrictions pertaining to new political parties. Id. CompareBrewster v. Johnson, 260 Ark. 450, 541 S.W.2d 306 (1976) (applying the "rational basis" test with respect to a durational residency requirement for state officers).
The apparent constitutional problems inherent in any attempt to restrict access to the ballot may well lead a court to conclude that Section 7 of Act 187 of 1987 does not restrict a retiree from seeking election to a constitutional office. The act will be construed so as to pass the test of constitutionality. Seegenerally Love v. Hill, 297 Ark. 96, 759 S.W.2d 550 (1988).
The answer to your second question is, in my opinion, "yes" when the term "employee" is viewed in the context of laws governing public employees retirement. See Att'y Gen. Op. Nos. 87-467 and 90-113. The above discussion should be noted, however, if the question is asked in the context of the prohibition against subsequent employment following early retirement.
Your third question requires consideration of the constitutional issues discussed above. The particular prohibition would, of course, have to be reviewed. A blanket prohibition against a retired citizen running for office would, in my opinion, be constitutionally suspect.
Sincerely,
WINSTON BRYANT Attorney General
WB/EAW/dwv
[1] Section 24-5-122(c) (Supp. 1989) states: "Any employee of the Arkansas State Highway and Transporation Department retired under this law shall not be eligible for subsequent employment, as an employee, by any state agency whose employees are covered by a state-supported retirement system."