The Honorable Bob Fairchild State Representative 1428 Mission Blvd. Fayetteville, Arkansas 72701-2221
Dear Representative Fairchild:
This is in response to your request for an opinion on three questions concerning the "veterans preference"[1] set out at A.C.A. § 17-1-101 (1987), and its application to the Arkansas bar examination. Your questions will be restated below and answered in the order posed.
Your first question is as follows:
 Does the Executive Director of the Board of Law Examiners, in the absence of a ruling from the Supreme Court regarding the applicability of A.C.A. 17-1-101 to the Arkansas bar exam, have the authority to invalidate that statute as to veteran bar exam applicants? Put another way, is it lawful for the Executive Director to treat this law as invalid until such time as its validity or lack thereof is determined by the Supreme Court? Put still another way, does the Executive Director have the authority to `stand in the shoes' of the Supreme Court and strike down the Veterans' Credit statute as it pertains to veterans taking the bar exam?
It is my opinion that the answer to your question, as drafted, is technically "no," the "Executive Director" does not have this authority. The Board of Law Examiners, however, does have the duty to construe statutes and rules under which it operates and determine the proper course to pursue in administering them. The Board has the authority to determine, in my opinion, that A.C.A. § 17-1-101 has been superseded by a rule of the Arkansas Supreme Court as to bar exam applicants.
It should be noted in response to your question that the position of "Executive Secretary" of the State Board of Law Examiners is authorized by Arkansas Supreme Court Rule VIII of the Rules Governing Admission to the Bar. This officer performs duties which are "purely ministerial." Id. It is the State Board of Law Examiners which is invested with the authority to "cause to be graded the examination papers and as a Board determine the average score of each applicant." See Rule IV of the Rules Governing Admission to the Bar. It should be noted that the Rules also provide that "[a]pplicants must make a combined average grade of 75 percent on all subjects in order to pass." See Rule IX. There is no preference granted for veterans. It is my opinion, in response to your question, that the Board does have the authority, if in its judgment the statute has been superseded by rules of the Supreme Court promulgated under Amendment 28 to the Arkansas Constitution, to fail to apply it to bar exam applicants. An individual aggrieved by the Board's interpretation has, of course, the right to present the question to the judicial branch for resolution.
A similar issue was addressed in Petition of Pitchford,265 Ark. 752, 581 S.W.2d 321 (1979), cert. denied, 444 U.S. 863
(1979), wherein a prospective bar exam applicant challenged the Supreme Court's rule that bar exam applicants must graduate from law school in order to take the exam. The petitioner challenged this rule in light of the fact that a statute existed which did not contain any such requirement, and in light of Arkansas Constitution, art. 2, § 12, which provides that: "[n]o power of suspending or setting aside the law or laws of the State shall ever be exercised except by the General Assembly." The Supreme Court, in response to this argument, stated that "[p]etitioner is in error in declaring that no power but the General Assembly can set aside or suspend the laws of the State of Arkansas, for certainly a constitutional amendment which changes prior procedure is superior to a legislative act, and Amendment 28 . . . places the authority to regulate the practice of law in the State Supreme Court." 265 Ark. at 756. The court also citedMcKenzie v. Burris, 255 Ark. 330, 500 S.W.2d 357 (1973), as holding that statutes in conflict with rules adopted by the Supreme Court under Amendment 28 were superseded by such rules. The decisions in Pitchford and McKenzie involved statutes which were enacted prior to the adoption of Amendment 28. The pertinent question in such instances is whether the statute irreconcilably conflicts with the Supreme Court rule. It appears, however, that statutes enacted after the adoption of Amendment 28 purporting to regulate the practice of law, as is the case with A.C.A. § 17-1-101, are simply unconstitutional on separation of powers grounds. See e.g. Ball v. Roberts, 291 Ark. 84,722 S.W.2d 829 (1987), (invalidating a statute governing attorney qualifications necessary to represent an indigent in a criminal case on separation of powers grounds because the Supreme Court has the "exclusive power" to regulate the practice of law), and Op. Att'y Gen. 92-122 (copy enclosed) (opining that application of the statute at issue, A.C.A. § 17-1-101, to the bar examination would similarly violate the separation of powers doctrine).
It is my opinion therefore, in response to your first question, that the State Board of Law Examiners does have the authority to disregard A.C.A. § 17-1-101, if in its judgment it has been superseded by the Rules Governing Admission to the Bar, which were adopted under the authority of Amendment 28. Of course, aggrieved parties may pursue their judicial remedies.
Your second question is as follows:
 If the Executive Director of the Board of Law Examiners does have the authority to invalidate the Veterans' Credit statute as it pertains to veteran bar applicants, does the exercise of that authority violate the rights of such veterans to the equal protection of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution, by having the effect of singling them out from among all other veterans taking all other state board examinations and denying only them the benefits that law is intended to confer upon veterans generally? Put another way, would a Supreme Court rule that denies to veteran bar applicants the benefits conferred on veteran applicants to all other state boards by the Veterans' Credit statute invidiously discriminate against veteran bar applicants in violation of the Equal
Protection clause of the Fourteenth Amendment to the United States Constitution?
It is my opinion that the answer to this question is "no." This office has opined previously that the statute at issue, A.C.A. §17-1-101, would in all likelihood be ruled unconstitutional by a court faced with the question. See again, Op. Att'y Gen.92-122. Because, in my opinion, a court would not uphold the application of the statute to any of the licensed professions to which it applies, no discrimination would occur by a Supreme Court ruling holding that it does not apply to bar examination applicants.
Your third question is as follows:
 If the Supreme Court should either strike down the Veterans' Credit statute altogether as unconstitutional or decide that, under Amendment 28, the credit conferred upon veterans under the Veterans' Credit statute is not available to bar exam applicants, and that the ruling does not deny veteran bar applicants the equal protection of the law, should such a ruling properly be applied prospectively or retroactively? In other words, is the law presumptively invalid until deemed valid by the Supreme Court, or presumptively valid until deemed invalid?
The answer to your third question would depend upon the language of the ruling of the Supreme Court. This office is not in a position to construe a hypothetical decision of a court. Of course, all statutes are presumed constitutional (Stone v.State, 254 Ark. 1011, 498 S.W.2d 634 (1973)), and if it is possible to construe an act as constitutional, a court not only may, but should and will do so. Love v. Hill, 297 Ark. 96,759 S.W.2d 550 (1988). If it is not possible for a court to find the statute constitutional, however, ordinarily, unless specified otherwise, judicial decisions operate both retroactively and prospectively. 21 C.J.S. Courts § 148 (1990). A court decision is generally given retrospective effect, as for example where the decision construes a statute. Id. See also Land O'Frost,Inc. v. Pledger, 308 Ark. 208, 823 S.W.2d 887 (1992). It has also been stated that an unconstitutional law is in reality no law, and generally is as inoperative as if it had never been passed. Rodgers v. Mabelvale Extension Road Imp. Dist. No. 5,
103 F.2d (8th Cir. 1939). See also Huffman v. Dawkins,273 Ark. 520, 622 S.W.2d 159 (1981). It is within a court's authority, however, to hold a law prospectively unconstitutional, which has the effect of giving the statute de facto validity prior to the decision. Lindsey v. Ipock, 732 F.2d 619 (8th Cir. 1984), cert. denied, Cryts v. French, 469 U.S. 881 (1984). The answer to your third question therefore will depend upon the particular court ruling in this regard.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] This statute grants a credit to veterans of "ten percent . . . over and above all [other] applicants" on all licensing or permit examinations held by any and all state boards, commissions or bureaus.