The Honorable Stanley Russ State Senator P.O. Box 787 Conway, AR 72032
Dear Senator Russ:
This is in response to your request for an opinion on the following questions:
 (1.) May the child of a teacher transfer into a district in accordance with Arkansas Annotated Codes 6-18-316 and 6-18-317 although such child would not be eligible to transfer into the district under the provisions stated in Act 726 of 1995?
 (2.) May a school district establish an exclusive class of students, such as those of teachers or employees, for consideration of legal transfers in accordance with Arkansas Annotated Codes 6-18-316 and 6-18-317?
It must be initially noted, in responding to your first question, that A.C.A. §§ 6-28-316 and -317 (Repl. 1993) and Act 726 of 1995 constitute separate and distinct legislative enactments pertaining to student attendance in nonresident school districts. Sections 6-18-316 and6-18-317 address "legal transfers" (§ 6-18-317(a)), through petition and approval of the resident and nonresident districts. Act 726 amends Section6-18-203(b) which establishes a choice in certain instances for children of teachers. These enactments must be viewed separately. See generallyLove v. Hill, 297 Ark. 96, 759 S.W.2d 550 (1988).
With regard to your specific question, therefore, it is my opinion that Act 726 of 1995 has no relevance in the context of a petition to transfer submitted under A.C.A. § 6-18-316. Such a petition is acted on by the "resident" and the "receiving district" in accordance with § 6-18-317. Eligibility under § 6-18-203 is not a relevant consideration for purposes of §§ 6-18-316 and 6-18-317.
It is my opinion that your second question can only be satisfactorily addressed with reference to the precise "exclusive class" under consideration. A constitutional equal protection claim would be the most likely basis for a challenge to such action. With regard to your example of a class comprised of students of teachers or employees, it may well be that a "rational basis" exists for such an objective. See generally Lovev. Hill, supra (applying rational basis test in an equal protection and privileges and immunities challenge to § 6-18-203(b)). I suggest, however, that this matter be referred to the school district's local counsel for review based upon all of the particular facts and circumstances.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh