Felix UILKIE *v.* STATE of Arkansas

CR 91-281                                   827 S.W.2d 131

Supreme Court of Arkansas
Opinion delivered March 30, 1992
[Rehearing denied May 4, 1992.]

*Larry Dean Kissee*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

Tom Glaze, Justice. Appellant was arrested for driving while intoxicated by Arkansas Game and Fish officer, Jack Collins. His sole issue on appeal is whether Collins had authority to arrest for violations other than those related to game and fish laws. The trial court held the appellant's arrest was legal, denied his motion to suppress evidence and to dismiss and sentenced him.

Under section 8 of amendment 35 to the Arkansas Constitution, all employed personnel of the State Game and Fish Commission may make arrests for violation of the game and fish laws. However, commission personnel were not specifically named or included as peace officers under Ark. Code Ann. § 16-81-106 (1987), which is Arkansas's statutory authority that sets out the circumstances and procedures under which an officer may make an arrest for misdemeanors and felonies. That statute provided as follows:

(a) An arrest may be made by a peace officer or by a private person.

(b) A peace officer may make an arrest:

(1) In obedience to a warrant of arrest delivered to him;

(2) Without a warrant, where a public offense is committed in his presence, or where he has reasonable grounds for believing that the person arrested has commit-

ted a felony. In addition to any other warrantless arrest authority granted by law or court rule, a law enforcement officer has probable cause to believe that the person has committed battery upon another person and the officer finds evidence of bodily harm, and the officer reasonably believes that there is danger of violence unless the person alleged to have committed the battery is arrested without delay.

(c)   A private person may make an arrest where he has reasonable grounds for believing that the person arrested has committed a felony.

(d)   A magistrate, or any judge, may orally order a peace officer or private person to arrest anyone committing a public offense in the magistrate's or judge's presence, which order shall authorize the arrest.

In 1989, the General Assembly enacted Act 715, and in doing so, reenacted all of § 16-81-106 as set out above, but added sections (e) and (f) which read as follows:

*      *      *

(e)   For purposes of this section, the terms "peace officer" and "law enforcement officer" shall include full-time wildlife officers of the Arkansas Game and Fish Commission so long as they shall not exercise their authority to the extent that any federal funds would be jeopardized.

(f)   The following persons employed as full-time law enforcement officers by the federal government, who are empowered to effect an arrest with or without warrant for violations of the United States Code and who are authorized to carry firearms in the performance of their duties, shall be empowered to act as an officer for the arrest of offenders against the laws of this state and shall enjoy the same immunity, if any, to the same extent and under the same circumstances as certified state law enforcement officers:

(1)   Federal Bureau of Investigation special agents;

(2)   United States Secret Service special agents;

(3)   Immigration and Naturalization Service special agents, investigators, and patrol officers;

(4)   United States Marshals Service deputies;

(5)   Drug Enforcement Administration Special agents;

(6)   United States postal inspectors;

(7)   United States Custom Service special agents, inspectors, and patrol officers;

(8)   United States General Services Administration special agents;

(9)   United States Department of Agriculture special agents;

(10)   Bureau of Alcohol, Tobacco and Firearms special agents;

(11)   Internal Revenue Service special agents and inspectors; and

(12)   Certified law enforcement officers of the Department of the Interior, National Park Service.

In adding subsection (e) above, the General Assembly apparently intended to extend to full-time wildlife officers the same powers as other peace or law enforcement officers, so long as the wildlife officers did not exercise their authority in a manner that would jeopardize federal funds. However, confusion arose regarding the arrest powers given wildlife officers under subsection (e) of Act 715 because two days after that Act's passage, the General Assembly enacted Act 846, which again amended § 16-81-106 (1987) and covered the same subject as that contained in Act 715. However, this later Act incorporated all the provisions of Act 715, but deleted subsection (e) of Act 715, thus omitting any reference to wildlife officers. The General Assembly substituted a new subsection (e) in Act 846 which, with some slight modification, had been subsection (f) of Act 715. While Act 846 covered anew the same subject matter contained in Act 715, Act 846 did clarify and enlarge the prior Act to (1) substitute the designation "certified law enforcement officer" for "peace officer," (2) add a new subsection (b)(3) to give certified law enforcement officers

statewide arrest powers in certain circumstances and (3) add language to the new subsection (e) so as to extend state arrest authority and immunity, if any, to members of the federal, state, county, municipal and prosecuting attorney's drug task forces.[1]

Appellant's argument (rejected by the trial court below) is that Act 846 clearly superseded Act 715, and by deleting subsection (e) and omitting any reference to Commission wildlife officers in Act 846, the General Assembly intended to remove the additional arrest powers it previously gave such officers under Act 715. He cites the settled rule of statutory construction that, if two legislative acts relating to the same subject are in conflict with each other, the later act controls. *Wells* v. *Heath*, 274 Ark. 45, 622 S.W.2d 163 (1981).

The state argues, of course, that the two acts are not irreconcilable, and can be construed so as to give effect to both. It further asserts that courts are required to reconcile statutes on the same general subject matter, construing them together, if possible, in order to implement legislative intent. *Cook* v. *Bevill*, 246 Ark. 805, 440 S.W.2d 570 (1969). This is especially so if two acts on the same subject were enacted during the same general session. *Love* v. *Hill*, 297 Ark. 96, 759 S.W.2d 550 (1988). This court has also held that, where two acts were under consideration by the General Assembly at the same time, and were passed at the same session, this strengthens the presumption that there was no intention to repeal one by the other. *Merchants' Transfer and Warehouse Company* v. *Gates*, 180 Ark. 96, 21 S.W.2d 406 (1929).

We believe the two rules set out in *Berry* v. *Gordon*, 237 Ark. 547, 376 S.W.2d 279 (1964), are particularly instructive in deciding whether our General Assembly intended to repeal Act 715 by its later enactment of Act 846. The *Berry* court, quoting from *Babb* v. *El Dorado*, 170 Ark. 10, 278 S.W. 649 (1926), stated the following;

> One is that, where the provisions of two statutes are in irreconcilable conflict with each other, there is an implied repeal by the latter one which governs the subject matter so

---

[1] Subsection (b)(3) of Act 846 has been codified as § 16-81-106(c) (Supp. 1991).

far as relates to the conflicting provisions, and to that extent only.

The other one is that *a repeal by implication is accomplished where the Legislature takes up the whole subject anew and covers the entire ground of the subject matter of a former statute and evidently intends it as a substitute, although there may be in the old law provisions not embraced in the new.*

Where there are two Acts on the same subject, the rule is to give effect to both, if possible, but, if the two are repugnant in any of their provisions, the latter Act, without any repealing clauses, operates to the extent of the repugnancy as a repeal of the first; and, *even where two acts are not in express terms repugnant, yet, if the latter act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first Act, it will operate as a repeal of that Act.* (Emphasis added.)

In reviewing Acts 715 and 846 in light of the foregoing rules, it is clear that the latter measure covers the entire subject matter that was previously contained in Act 715, although the subsection (e) provision, granting additional arrest powers to wildlife officers, was not reenacted in the new or later Act. While it may be argued, as the state does, that two acts are not in express terms repugnant, such a showing on the facts here is unnecessary. Here, Act 846 covered the whole subject (and more) of Act 715, and in doing so, the General Assembly showed it intended Act 846 as a substitute for Act 715.

In reaching this conclusion, we necessarily decide Act 846 repealed Act 715. As a consequence, we hold the trial court erred in holding Act 715 was in effect and in determining the Commission's wildlife officer, Jack Collins, had the authority to arrest the appellant for driving while intoxicated. Because appellant's arrest was illegal, we reverse and dismiss this cause.