The Honorable Barbara Horn State Representative Post Office Box 64 Foreman, Arkansas 71836-0064
Dear Representative Horn:
This is in response to your request for an opinion on the following:
 Which of the following acts passed during the 1995 Regular Session of the General Assembly is considered to be in effect?
Act 1194 of 1995 — Section 26
or
Act 1228 of 1995
 Please consider the fact that Section 1 of Act 2 of 1994, First Extraordinary Session of the 79th General Assembly, referred to in Act 1228 of 1995 is based entirely upon a funding formula that will become non-existent on July 1, 1996.
A description of relevant legislation, set forth in the order enacted, may be helpful:
1. Act 34 of 1983 (Ex. Sess.) is entitled "The School Finance Act of 1984" and, as amended, is codified at A.C.A. § 6-20-301 to -321 (Repl. 1993 and Supp. 1995).
2. Act 1 of 1994 (1st Ex. Sess.) amended A.C.A. § 6-20-302 (Supp. 1995 at 102-106), which defines certain terms used in the School Finance Act of 1984.
3. Act 2 of 1994 (1st Ex. Sess.), § 1, codified, as amended by Act 1228 of 1995, as a note to A.C.A. § 6-20-302 (Supp. 1995 at 100-101), provided:
 Notwithstanding any other provisions of A.C.A. § 6-20-301 et seq. (the School Finance Act of 1984), the Arkansas Department of Education, with the approval of the Governor and the Chief Fiscal Officer of the State, is hereby authorized to expend from the funds and appropriations provided in Item (4) of Section 1 of Act 1312 of 1993 and from those funds and appropriations as may be provided by the Eightieth General Assembly for Minimum Foundation Program Aid for the biennial period ending June 30, 1997, for the purposes of providing additional amounts to those school districts that will suffer a loss of funds due to a change in A.C.A. § 6-20-302 by this Extraordinary Session, the following: (1) for the fiscal year ending June 30, 1994, an amount not to exceed Three Million Seven Hundred Thousand Dollars ($3,700,000); (2) for the fiscal year ending June 30, 1995, an amount not to exceed Two Million Eight Hundred Thirty Three Thousand Three Hundred Thirty Three Dollars ($2,833,333); and (3) for each fiscal year of the biennial period ending June 30, 1997, an amount as determined by the Department of Education and approved by the Governor. The additional amounts shall not exceed:
 (a) for the fiscal year ending June 30, 1995, eighty-five percent (85%) of lost funds as determined by the Department of Education for any school district;
 (b) for the fiscal year ending June 30, 1996, fifty percent (50%) of lost funds as determined by the Department of Education for any school district; and
 (c) for the fiscal year ending June 30, 1997, twenty-five percent (25%) of lost funds as determined by the Department of Education for any school district.
4. Section 15(b) of Act 917 of 1995 repealed A.C.A. § 6-20-302 (and other specified sections of the School Finance Act of 1984), effective July 1, 1996.
5. Act 1194 of 1995 is entitled "AN ACT TO MAKE AN APPROPRIATION FOR GRANTS AND AIDS TO LOCAL SCHOOL DISTRICTS AND SPECIAL PROGRAMS BY THE DEPARTMENT OF EDUCATION FOR THE BIENNIAL PERIOD ENDING JUNE 30, 1997; AND FOR OTHER PURPOSES." Section 26 thereof, which is not codified, provides:
 Act 2 of the First Extraordinary Session of 1994 is hereby repealed effective July 1, 1996.
Act 1194, § 1, also not codified, appropriates to the Department of Education, to be paid to local school districts, over $1,000,000,000 for minimum foundation aid for the 1995-96 fiscal year, but no money for minimum foundation aid for the 1996-97 fiscal year.
6. Act 1228 of 1995, § 1, codified as a note to A.C.A. § 6-20-302 (Supp. 1995 at 100-101), amends Act 2 of 1994 (1st Ex. Sess.), § 1, to read:
 Notwithstanding any other provisions of A.C.A. § 6-20-301 et seq. (the School Finance Act of 1984), the Arkansas Department of Education, with the approval of the Governor and the Chief Fiscal Officer of the State, is hereby authorized to expend from the funds and appropriations provided in Item (4) of Section 1 of Act 1312 of 1993 and from those funds and appropriations as may be provided by the Eightieth General Assembly for Minimum Foundation Program Aid for the biennial period ending June 30, 1997, for the purposes of providing additional amounts to those school districts that will suffer a loss of funds due to a change in A.C.A. § 6-20-302 by Act 1 of 1994, First Extraordinary Session of the 79th General Assembly, as follows:
 (a) for the fiscal year ending June 30, 1995, eighty-five percent (85%) of lost funds computed for the entire 1993-94 school year for any school district, or as determined by the Department of Education;
 (b) for the fiscal year ending June 30, 1996, fifty percent (50%) of lost funds computed for the entire 1994-95 school year for any school district, or as determined by the Department of Education; and
 (c) for the fiscal year ending June 30, 1997, twenty-five percent (25%) of lost funds computed for the entire 1995-96 school year for any school district, or as determined by the Department of Education.
Act 1228, § 6, is a general repealer.
Act 1194, § 38, is an emergency clause providing that Act 1194 would become effective on July 1, 1995, and Act 1228, § 7, is an emergency clause providing that Act 1228 would become effective immediately upon its passage and approval, which occurred on April 12, 1995. Notwithstanding the order of the laws' signature by the Governor, then, Act 1228 became effective before Act 1194.
In my opinion, both Act 1194, § 26, and Act 1228 are in effect until July 1, 1996. Legislative enactments that are alleged to be in conflict must be reconciled, read together in a harmonious manner, and each given effect, if possible. Gritts v. State, 315 Ark. 1, 864 S.W.2d 859 (1993);City of Fort Smith v. Tate, 311 Ark. 405, 844 S.W.2d 356 (1993). Repeal by implication is not favored and is "never allowed except where there is such an invincible repugnancy between the former and later provisions that both cannot stand together." Donoho v. Donoho, 318 Ark. 637,887 S.W.2d 290 (1994). This is especially so in the case of acts passed during the same session of the General Assembly. Uilkie v. State,309 Ark. 48, 827 S.W.2d 131(1992); Love v. Hill, 297 Ark. 96, 759 S.W.2d 550
(1988). If an irreconcilable conflict exists, one act is repealed by implication by the other only to the extent of the conflict, not necessarily in whole. Uilkie, 309 Ark. at 52-53, quoting Berry v.Gordon, 237 Ark. 547, 376 S.W.2d 279 (1964), quoting Babb v. El Dorado,170 Ark. 10, 278 S.W. 649 (1926).
In my opinion, both acts clearly can be harmonized and given effect with respect to periods prior July 1, 1996: Act 2, as amended by Act 1228, remains law, subject to its prospective repeal by Act 1194.
The only question remaining is whether Act 2, as amended by Act 1228, remains in effect after June 30, 1996, or is repealed by Act 1194, or whether the acts' provisions relating to periods after June 30, 1996, can somehow be reconciled. If Act 1194 is effective to repeal Act 2 as of July 1, 1996, there will, at least arguably, be no statutory authority after that date to make the payments contemplated by subsection (c) of Act 1228, § 1 (i.e., payments "for the fiscal year ending June 30, 1997," which are to be computed on the basis of "lost funds" for the 1995-96 school year). If, on the other hand, Act 2 is not repealed as of July 1, 1996, the legislative authority to make such payments will, of course, be clear by virtue of Act 1228.
An attempt to determine which of Act 1194, § 26,[1] or Act 1228 will be effective after June 30, 1996, or whether both will be in effect, raises several interesting and difficult questions, both factual and legal. These include whether the acts are in irreconcilable conflict; whether the last sentence of A.C.A. § 1-2-207(b) (Supp. 1995) controls the question of which act is later in time;[2] which of the acts is the latest expression of the legislative will, in the event the last sentence of A.C.A. § 1-2-207(b) does not control (the last legislative action on either enactment was taken with respect to Act 1194, which otherwise probably would be deemed to be the earlier act); and the identification of the legislative intention behind the enactment of these two measures.
In my opinion, however, the question of which act will be effective after June 30, 1996, or whether both will be, is moot. I accordingly express no opinion on that question, although the acts do appear to be in irreconcilable conflict with respect to the 1996-97 fiscal year. I conclude the question is moot because it appears that, absent further appropriation by the Eightieth General Assembly,[3] there will be no funds available to make the payments contemplated, whether or not there is statutory authority to make them. Act 2, as amended by Act 1228, specifies two sources from which such payments may be made and clearly implies that the payments may not be made from other sources. The payments may be made (a) from amounts provided in item (4) of Act 1312 of 1993, § 1, and (b) from amounts "as may be provided by the Eightieth General Assembly for Minimum Foundation Program Aid for the biennial period ending June 30, 1997. . . ." Act 1228, § 1. No amounts will be available under Act 1312, as that was an appropriations act for the biennial period ended June 30, 1995. While Act 1194 of 1995 contains an appropriation for minimum foundation program aid for the 1995-96 fiscal year, it did not contain an appropriation for such aid for the 1996-97 fiscal year. See Act 1194, § 1, item (03). Finally, no other enactment of the Eightieth General Assembly to date has appropriated funds for minimum foundation program aid for the 1996-97 fiscal year.
Although the final payments authorized by Act 2, as amended by Act 1228, are to provide aid with respect to funds "lost" during the 1995-96 school year, they plainly are to be made from minimum foundation program aid appropriations for the 1996-97 fiscal year. As no such appropriations have been made, I conclude that the final payments authorized by Act 2, as amended by Act 1228, will not be made, absent further appropriation, whether or not Act 2, as amended by Act 1228, is deemed to be in effect after June 30, 1996.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] With respect to possible repeal by implication, this opinion addresses only section 26 of Act 1194. Nothing herein should be deemed to suggest that any other provision of Act 1194 is or may be subject to repeal by implication by Act 1228.
[2] See Op. Att'y Gen. 95-307.
[3] I do not express an opinion with respect to which act will be effective in the event the General Assembly hereafter appropriates minimum foundation program aid for the 1996-97 fiscal year because it is likely that that legislation would address the uncertainty that prompted your request for an opinion.