The Honorable Bob McGinnis State Representative 81 Highway 316 Marianna, Arkansas 72360
Dear Representative McGinnis:
This is in response to your request for an opinion on whether A.C.A. §6-20-319(4)(A) is in effect for the 1995-96 and 1996-97 school years and, if so, what the statute provides during those periods.
Prior to the regular 1995 session of the General Assembly, the statute provided:
 Each [school] district in the state shall pay its certified personnel an amount equal to at least seventy percent (70%) of its net current revenue. Not less than eighty percent (80%) of seventy percent (70%) of each school district's increase in net current revenue over the net current revenue received the previous school year less the total salary expenditure required to fund additional certified personnel added to the staff of the district in the school year shall be divided equally among the certified personnel positions existing in the district in that year unless the board of directors of the district and a majority of the teachers agree to a different distribution. The eighty percent (80%) of the seventy percent (70%) may be used to satisfy pay increases for experience and additional hours or degrees under the district's salary schedule if:
 (i) The school board adopts the changes in the salary schedule for the next school year either ten (10) days before the last day of pupil attendance or before contracts are issued to teachers whichever occurs first in accordance with § 6-17-201 et seq., and distributes the eighty percent (80%) of the seventy percent (70%) equally among all certified personnel positions; or
 (ii) The board and a majority of the teachers agree to an unequal distribution[.]
A.C.A. § 6-20-319(4)(A) (Repl. 1993).
During the regular 1995 session, the General Assembly enacted two bills that are relevant to your question. First, Act 917 repealed A.C.A. §6-20-319(4)(A) effective July 1, 1996. See Act 917 of 1995, § 15(b). Act 917, which was signed by the Governor April 5, 1995, had no emergency clause and therefore became effective July 28, 1995. See Op. Att'y Gen.95-119.
Second, Act 1194 provided in relevant part:
 Arkansas Code Annotated § 6-20-319(4)(A) shall be amended to read as follows:
 "(4)(A) For the 1996-97 school year, not less than one hundred percent (100%) of each school district's increase in the classroom teacher expenditure requirement for salaries over the classroom teacher salary expenditures from the previous year excluding pay for substitute teachers plus extended contracts and supplementary pay for extra curricular activities less the total salary expenditure required to fund additional classroom teaching personnel added to the staff of the district in the school year shall be divided equally among the classroom teacher positions existing in the district in that year unless the board of directors of the district and majority of the teachers agree to a different distribution. The increase may be used to satisfy pay increases for experience and additional hours or degrees under the district's salary schedule if:
 (i) The school board adopts the changes in the salary schedule for the next school year either ten (10) days before the last day of pupil attendance or before contracts are issued to teachers whichever occurs first in accordance with § 6-17-201 et seq., and distributes the entire increase equally among all classroom teacher positions; or
 (ii) The board and a majority of the teachers agree to an unequal distribution.
Act 1194 of 1995, § 23. Act 1194, signed by the Governor April 11, 1995, had an emergency clause providing that the act would become effective July 1, 1995. See Act 1194 of 1995, § 38.
The Arkansas Code Revision Commission codified these provisions by publishing two separate versions of A.C.A. § 6-20-319, one captioned "Effective until July 1, 1996" and the other captioned "Effective July 1, 1996." The former version contains subsection 4(A) as amended by Act 1194, and the latter version indicates that subsection 4(A) has been repealed. See A.C.A. § 6-20-319 (Supp. 1995). If the 1995 enactments were appropriately codified, then, the answers to your questions are that A.C.A. § 6-20-319(4)(A) is (or was) in effect during the 1995-96 school year (i.e., from July 1, 1995, to July 1, 1996) in the version set forth in Act 1194 (i.e., the version referring to the 1996-97 school year), and that A.C.A. § 6-20-319(4)(A) will not be in effect, in any version, during the 1996-97 school year.
It seems clear that the Commission's codification would be correct in the absence of any indication of contrary legislative intent: Act 917 repealed the statute, but only prospectively; and prior to the date of the repeal (in fact, prior to the date upon which Act 917 became effective), Act 1194 amended the statute. The Commission's codification gives full effect to both acts by acknowledging its amendment by Act 1194 pending the date of its repeal by Act 917. The codification is consistent with the general rule of construction of that acts passed during the same session of the General Assembly and concerning the same subject matter should be reconciled, and full effect should be given to both. See
A.C.A. § 1-2-207(b) (Supp. 1995); Love v. Hill, 297 Ark. 96,759 S.W.2d 550 (1988).
The cases, as well as A.C.A. § 1-2-207(b), also provide, however, that in the event two acts concerning the same subject matter are in irreconcilable conflict, the conflicting provisions of the last enactment prevail and the earlier enactment is deemed to be repealed by implication to the extent of the conflict. See, e.g., Uilkie v. State, 309 Ark. 48,827 S.W.2d 131 (1992); Berry v. Gordon, 237 Ark. 547, 376 S.W.2d 279
(1964).
If one leaves aside the content of the acts, they do not appear to conflict at all: Act 917 repeals a statute prospectively, and Act 1194 amends the statute without referring, as a procedural matter, to the period of time during which the amendment is to be effective. The acts, read together (still leaving the content aside), compel the conclusion that Act 1194 sets forth the version of the statute that will be effective until its repeal by Act 917.
As noted in your request, the problem with this line of reasoning is that Act 1194 amended the statute to set forth a rule purportedly applicable to "the 1996-97 school year," a school year presumably commencing after July 1, 1996, the date of the statute's apparent repeal by Act 917. The codification thus makes Act 1194, § 23, a nullity: it is in effect until July 1, 1996, but by its express terms has no application to that period; and it is repealed from and after July 1, 1996, thus having no application to the 1996-97 school year.
In my opinion, the acts are in irreconcilable conflict because Act 917 purports to repeal a statute that, as amended by Act 1194, has application only after the date of purported repeal. As Act 1194 is the later enactment, it controls to the extent of the conflict, under the rules noted above. In my opinion, then, the portion of Act 917, § 15(b), that purports to repeal A.C.A. § 6-20-319(4)(A) was repealed by implication by Act 1194, § 23. As a result, it is my opinion that A.C.A. §6-20-319(4)(A), as amended by Act 1194, § 23, has been in effect since July 1, 1995, and will remain in effect in that form until further legislative action.
Your request asserts that the true legislative intent was to leave in effect until July 1, 1996, the version of the statute in effect prior to the 1995 regular session of the General Assembly, and to replace it with the version set forth in Act 1194, § 23, thereafter. It is true that the courts, in attempting to discern and give effect to the true legislative intent, will disregard the express language of enactments when literal application would lead to absurdity. See, e.g., Henson v. Fleet MortgageCo., 319 Ark. 491, 892 S.W.2d 250 (1995). Here, however, the suggested result could be reached, in my opinion, only by disregarding the language of both acts: Act 917 unequivocally states that the statute is repealed effective July 1, 1996; and Act 1194 clearly provides that the amendment is effective July 1, 1995. Although a court might look to the other changes made by the acts to provisions affecting teacher salaries in accepting your argument, I am unable to conclude that it is more likely than not that such an argument would prevail and therefore am unable to render an opinion to that effect.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh