The Honorable Barbara King State Representative 106 Tulip Circle Helena, AR 72342
Dear Representative King:
You have requested an Attorney General opinion concerning the filling of a vacancy on the West Helena city council.
You indicate that the City Council of West Helena consists of eight positions. One of these positions was vacant. The council met, with five members plus the mayor in attendance. There was a vote of 3 to 2 to fill the vacancy on the council. These five votes were all cast by elected aldermen.
With regard to this scenario, you have presented the following question:
 Can the mayor be counted as an elected member of the city council for the purpose of filling a vacancy on the city council pursuant to A.C.A. § 14-43-411 [In other words, can the mayor cast the deciding vote to appoint a council member]?
RESPONSE
It is my opinion that the law on this issue is currently unclear and can only be clarified by judicial interpretation of the applicable statutes, or by legislative clarification of those statutes. Nevertheless, pending such judicial or legislative clarification, it is my opinion that the mayor in a city of the first class cannot be counted as an elected member of the city council for the purpose of filling a vacancy on the city council.[1]
This issue is governed primarily by A.C.A. § 14-43-411, which states in pertinent part:
 (a)(1) Whenever a vacancy shall occur, for any reason, in the office of alderman in any city of the first class, at any regular meeting after the occurrence of the vacancy, the city council shall proceed to elect by a majority vote of the remaining members elected to the council an alderman to serve for the unexpired term. Provided, however, it is necessary that at least a quorum of the whole number of the city council shall remain in order to fill a vacancy.
A.C.A. § 14-43-411(a) (emphasis added).
I interpret the above-quoted language to require a majority vote of the remaining aldermen — not including the mayor — in order to fill a vacancy on the council. I base this interpretation on the fact that the language explicitly refers to the members of the council who are "elected to thecouncil". The mayor is not "elected to the council." Rather, the mayor is elected to the office of mayor and is merely an ex officio member of the city council.
I acknowledge that certain dicta of the Arkansas Supreme Court may give rise to a different interpretation. However, as explained following, I believe that such an interpretation is incorrect. In Gibson v. City ofTrumann, 311 Ark. 561, 845 S.W.2d 515 (1993), certain similar language in A.C.A. § 14-55-203 was relevant to the case. That statute refers to the "whole number of members elected to the council." The court noted that "[t]he parties agree this language would include the mayor since he is an ex officio member of the council." The court did not question this assumption. The fact that it did not do so could lead to a conclusion that it deemed this assumption of the parties to be correct. However, I note that not only did the court not express its position on the issue, but the issue was not before it for decision. Although the court, if faced with deciding this issue, might adopt the assumption of the parties in City of Trumann, see Op. Att'y Gen. No. 2000-080, I believe the court would have more plausible grounds for rejecting such an assumption.
I find that the court's decision in Thompson, Mayor v. Younts,282 Ark. 524, 669 S.W.2d 471 (1984) provides sounder authority for analyzing this issue than does the above-described dicta in Cityof Trumann. In Younts, certain language in Amendment7 to the Arkansas Constitution was at issue.
That language states:
 No measure approved by a vote of the people shall be amended or repealed by the General Assembly or by any City Council, except upon a yea and nay vote on roll call of two-thirds of all the members elected to each house of the General Assembly, or of the City Council, as the case may be.
Ark. Const., am. 7 (emphasis added).
The court explicitly interpreted the phrase "elected to . . . the City Council," as used in the above-quoted section of Amendment 7, not to include the mayor. Addressing this issue, the court stated:
 The [lower] court found that the mayor was not an elected member of the City Council but only an ex officio member by virtue of his executive position and therefore his vote could not be used in amending or repealing any part of an initiated act, and we concur. First, he is not an elected alderman, but the mayor. Although the mayor may arguably be considered a member of the Council for certain purposes, there is nothing in the reading of that statute to indicate that he is an elected member of the Council. To the contrary, the elected aldermen are dealt with as a distinct entity and their duties delineated, while the mayor and his duties in relation to the council are listed separately. We find nothing to suggest otherwise[.]
Younts, at 282 Ark. at 530.
It is necessary for me to explain why the Younts decision regarding this matter was not affected by the later City of Trumann decision.
In City of Trumann, the court held that the mayor could vote to pass an appropriation ordinance, despite the fact that A.C.A. § 14-55-204 imposed a voting requirement of "a majority of the aldermen" to pass appropriation ordinances. The court based its decision on the fact that although the mayor clearly was not an "alderman," the phrase "a majority of the aldermen," in A.C.A. § 14-55-204, had been impliedly repealed by the later passage of A.C.A. § 14-43-501, which allowed the mayor to vote "when his vote is needed to pass any ordinance, bylaw, resolution, order, or motion."
When the appellants argued in City of Trumann that this interpretation was inconsistent with the Younts decision, the court distinguishedYounts, explaining that in Younts, the court had only been interpreting the language of Amendment 7, whereas in City of Trumann, the court was faced with interpreting the interaction of two statutes and the effect of one upon the other. The court did not question or otherwise undermine its decision in Younts or its interpretation of the language that was at issue in Younts. In my opinion, the Younts decision is the most pertinent available authority for analyzing the language of A.C.A. § 14-43-411.
The court's decision in City of Trumann does not, in my opinion, dictate that the mayor should be allowed to participate in the vote to fill the vacancy on the city council in West Helena. Indeed, as explained following, that decision dictates the opposite conclusion.
The language of A.C.A. § 14-43-411 (requiring a majority vote of the remaining members elected to the council) was amended in 1997, whereas A.C.A. § 14-43-501(allowing the mayor to vote when his vote is needed) was last amended in 1981. If the legislature had intended to change A.C.A. § 14-43-411's reference to the members "elected to the council" so as to reflect the broader scope of A.C.A. § 14-43-501, it could have done so in 1997 when it amended A.C.A. § 14-43-411. It is notable thatAct 202 of 1997 (of which the current form of A.C.A. § 14-43-411 was a part) included a general repealer clause. With regard to this issue, it should be remembered that the Gibson decision made much of the fact that the 1981 act of which the current form of A.C.A. § 14-43-501 was a part (Act 345 of 1981) had included a general repealer clause, so as to affect the provisions of A.C.A. § 14-43-411, as it then was worded. The same principles would indicate that the general repealer clause ofAct 202 of 1997 would cause A.C.A. § 14-43-411, as amended by that act, to impact upon the effect of A.C.A. § 14-43-501, as amended in 1981.
In addition, it is well established that when two statutes conflict, the one that was enacted later in time controls. Uilkie v. State,309 Ark. 48, 827 S.W.2d 131 (1992). The fact that the legislature amended the statute in 1997, but explicitly retained the reference to members "elected to the council" indicates that it intended to reinstate the requirement that only elected aldermen participate in votes to fill vacancies. Moreover, the General Assembly is presumed to enact laws with the full knowledge of court decisions on the subject and with reference to those decisions. Wells v. State, 337 Ark. 586, 991 S.W.2d 114 (1999). The legislature is therefore deemed to have amended A.C.A. § 14-43-411 in 1997 with full knowledge of both the Younts and the Gibson decisions.
The result of my analysis of this issue is that although A.C.A. §14-43-501(b)(1)(B) grants the mayor the power to vote "when his vote is needed to pass any ordinance, bylaw, resolution, order, or motion," and although I take the position that this grant of authority is not limited to situations involving a tie vote, see Op. Att'y Gen. No. 2000-080, it is my opinion that the provisions of A.C.A. § 14-43-501(b)(1)(B) do not apply to situations involving votes to fill vacancies on city councils. Rather, such votes are governed by the more specific provisions of A.C.A. § 14-43-411. Where two statutes address the same subject, and one of them is more specific, the one that is more specific will govern.See, e.g., City of Ft. Smith v. Tate, 311 Ark. 405, 844 S.W.2d 356
(1993); Sunbelt Courier v. McCartney, 31 Ark. App. 8, 786 S.W.2d 121
(1990), aff'd 303 Ark. 522, 798 S.W.2d 92 (1990); Thomas v. Easley,277 Ark. 222, 640 S.W.2d 797 (1982).
Accordingly, although the issue is not entirely clear, the mayor in a first class city cannot, in my opinion, be counted as an elected member of the city council for the purpose of filling a vacancy on the city council.[2]
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] It should be noted that the opinion expressed herein is applicable to cities of the first class. The answer to this question, as applied to cities of the second class, would require a separate analysis, given that those cities are governed by separate statutes.
[2] I note that if the mayor were deemed to be an elected member of the city council, the number of positions on the city council would be nine, rather than eight. Therefore, in a situation where one of the nine positions was vacant, five votes, rather than four, (i.e., a majority of the remaining eight members) would be required to fill the vacancy. Accordingly, in the situation you have described, the mayor's participation in the vote would not have made the vote sufficient to fill the vacancy. See Younts, 282 Ark. at 531, n. 1.