The Honorable Jim Milum State Representative 607 Skyline Drive Harrison, AR 72601
Dear Representative Milum:
You have requested an Attorney General opinion concerning an emergency rule that has been proposed by the Assessment Coordination Department (ACD).
ACD has proposed an emergency rule (Rule 4.8) concerning the manner in which rollbacks under Amendment 59 should be calculated and implemented, in light of Act 1185 of 1999.
You have asked:
 Will Rule 4.8.1-4.8.6 comply with the intent and requirements of Amendment 59?
RESPONSE
It is my opinion that Rule 4.8.1-4.8.6 does, on its face, comply with the intent and requirements of Amendment 59.
Rule 4.8 states in full:
 4.8.1 To test for rollback in each taxing unit, use the full reappraised real estate value plus personal property value and utility property value. If the aggregate increase exceeds 10% from the previous year, rollback computations must be calculated for each year of the three years in which assessments are added as per Act 1185 of 1999.
 4.8.2 Assessed value on which taxes will be certified for collection (one third value increases as per 1185) shall be used in real estate rollback calculations.
 4.8.3 In calculating the real estate rollback the first year after reappraisal, the taxing units will be allowed to receive base year revenues plus 10% revenue increase or all of newly discovered property increases if they exceed 10%.
 4.8.4 In the second and third year after reappraisal the taxing units will consider base year revenues as being the revenues from the previous year assessments for real estate.
 4.8.5 In the second and third year after reappraisal the taxing units will calculate the zero base rollback millage and then apply the unused portion of the optional 10% increase from the previous year (if any).
 4.8.6 Real estate rollback will be calculated in all taxing units in the second and third year except in cases where the aggregate increase (full market value increase) from the reappraisal plus newly discovered property does not exceed 10% in the first year.
Rule 4.8 was drafted in response to the passage of Act 1185 of 1999, which requires that after a countywide reassessment, property value increases in excess of 10% will be added, for purposes of taxation, in increments of one-third per year for three years after the reassessment. I note that in the election of 2000, the voters approved "Amendment 2," which will be added as Amendment 79 to the Arkansas Constitution. It provides for the same three-year incremental increase as does Act 1185. It should be noted that in Attorney General Opinion No. 2000-223, I opined that Act 1185 does not conflict with Amendment 59.
Although you have not specifically stated your primary concern about ACD's Rule 4.8, I surmise that your concern may be related to the fact that Rule 4.8 would have the effect of implementing the rollback over the three years in which increased property values after reassessment are added in increments of one-third each, pursuant to Act 1185.
It is my opinion that this effect of the rule does not violate Amendment 59. The pertinent provision of Amendment 59 states:
 (a) Whenever a countywide reappraisal or reassessment of property subject to ad valorem taxes made in accordance with procedures established by the General Assembly shall result in an increase in the aggregate value of taxable real and personal property in any taxing unit in this State of ten percent (10%) or more over the previous year the rate of city or town, county, school district, and community college district taxes levied against the taxable real and personal property of each such taxing unit shall, upon completion of such reappraisal or reassessment, be adjusted or rolled back, by the governing body of the taxing unit, for the year for which levied as provided below. The General Assembly shall, by law, establish the procedures to be followed by a county in making a countywide reappraisal or reassessment of property which will, upon completion, authorize the adjustment or rollback of property tax rates or millage, as authorized hereinabove. The adjustment or rollback of tax rates or millage for the "base year" as hereinafter defined shall be designed to assure that each taxing unit will receive an amount of tax revenue from each tax source no greater than ten percent (10%) above the revenues received during the previous year from each such tax source, adjusted for any lawful tax or millage rate increase or reduction imposed in the manner provided by law for the year for which the tax adjustment or rollback is to be made[.]
Amendment 59, incorporated at Ark. Const., art. 16, § 14(a).
Although this provision does require that tax rates be rolled back "for the year for which levied," the provision states no requirement either that the entire amount of taxes levied be collected in one year, or that the entire rollback be applied in one year.[1] The only limitation is that the rollback must assure that no taxing unit will receive an amount of tax revenue from any tax source greater than ten percent above the revenues received during the previous year. As I understand Rule 4.8, it clearly mandates a manner of calculating the rollback that assures compliance with this limitation. Under Rule 4.8, the rollback will be calculated in a manner that will assure that no taxing unit will receive an increase in tax revenue of more than 10%.
I must note that even if Rule 4.8 is deemed to be in conflict with Amendment 59 because of its incremental approach, it is not clear that the Rule should not be implemented. Because Rule 4.8 is a response to the incremental approach mandated by Act 1185 of 1999, and because the new Amendment 79 mandates the same incremental approach, a supposed conflict between Rule 4.8 and Amendment 59 would presuppose a conflict between Amendment 79 and Amendment 59. In the event of a conflict between Amendment 79 and Amendment 59, Amendment 79 will be deemed to supersede Amendment 59, to the extent that the two are in conflict. A well-settled principle of statutory construction is that where two statutes conflict, the one passed later in time will go into effect. Uilkie v. State,309 Ark. 48, 827 S.W.2d 131 (1992). Another standard principle is that the rules of statutory interpretation apply equally to the interpretation of constitutional provisions. See Gazaway v. Greene County EqualizationBd., 314 Ark. 569, 864 S.W.2d 233 (1993). Thus, if Amendment 79 and Amendment 59 are deemed to conflict, Amendment 79, with its incremental approach to raising property values, will be the effective amendment. In that event, any conflict between Rule 4.8 and Amendment 59 will be moot.
I emphasize that it is my opinion that no such conflict exists between Amendment 59 and Amendment 79 (or between Amendment 59 and Act 1185[2]). Moreover, only a court can make an ultimate determination that such a conflict exists. I raise this issue merely to emphasize that because the incremental approach to raising property values is now a part of the Arkansas Constitution, that approach has more force than does Act 1185. The ACD is the entity that is charged with the responsibility of determining the manner in which the tax laws of the state are to be administered. See A.C.A. § 26-24-102; 26-24-105; 26-24-107. Moreover, as discussed in Attorney General Opinion No. 2000-223, the ACD has the authority to fashion a method of implementing the rollback that will serve the spirit and purpose of both Amendment 59 and the incremental approach of Act 1185 (and of the new Amendment 79), while avoiding the dramatic tax impact that would occur by continuing to use an outdated method of calculation and implementation. It is my opinion, as stated therein, that the ACD has the authority to fashion a method that prevents such an effect. Rule 4.8 appears to be such a method.
I note that while I have surmised that your primary concern with ACD's Rule 4.8 is focused on the issues discussed above, you have specifically indicated a concern about the fact that Rule 4.8 requires the inclusion of personal property values in determining whether there has been a property value increase that would trigger a rollback under Amendment 59. It is my opinion that this feature of Rule 4.8 complies with the specific language of Amendment 59.
Regarding this issue, Amendment 59 states:
 Whenever a countywide reappraisal or reassessment of property subject to ad valorem taxes made in accordance with procedures established by the General Assembly shall result in an increase in the aggregate value of taxable real and personal property in any taxing unit . . . the rate of . . . taxes . . . shall . . . be . . . rolled back.
Amendment 59, incorporated at Ark. Const., art. 16, § 14(a) (emphasis added).
Although Amendment 59 does require that personal property values be segregated for purposes of implementation of the rollback, see Amendment59 (Ark. Const., art. 16, § 14(a)(i)), the Amendment nevertheless requires that personal property values be included in determining whether a rollback is warranted.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] In Attorney General Opinion No. 99-234, I opined that the three-year incremental approach does not violate Article 16, § 5 of the Arkansas Constitution.
[2] See Op. Att'y Gen. No. 2000-223.