Mr. Don McSpadden, Prosecuting Attorney Sixteenth Judicial District 368 E. Main, P.O. Box 2051 Batesville, AR 72503
Dear Mr. McSpadden:
You have presented the following questions for my opinion:
 When should the election for the additional judgeship created by Act 816 of 2001 be held?
RESPONSE
It is my opinion that the election for the judgeship created by Act 816 of 2001 should be held on Tuesday, May 21, 2002. I will explain the basis for this conclusion below.
Your question arises out of an apparent conflict between Act 816 of 2001 and Act 1789 of 2001.
Act 1789 of 2001, which was approved on April 19, 2001, designates certain judgeships (including circuit judgeships) as nonpartisan, and provides that the election for such judgeships is to be held "on the same dates and at the same times and places as provided by law for preferential primary elections." Acts 2001, No. 1789 (codified at A.C.A. § 7-10-102(b)(1)). The dates for preferential primary elections are governed by A.C.A. § 7-7-203, which states in pertinent part:
 (a) The general primary election shall be held on the second Tuesday in June preceding the general election.
 (b) The preferential primary election shall be held on the Tuesday three (3) weeks prior to the general primary election.
A.C.A. § 7-7-203(a)(b).
Under the above-quoted provisions, preferential primaries are to be held on Tuesday, May 21, 2002.
Act 816 of 2001, which was approved on March 19, 2001, creates an additional circuit judgeship in the 16th Judicial Circuit, and states:
 (3) The qualified electors of the district shall elect the additional circuit judge created by this subsection . . . at the November, 2002, General Election to take office on January 1, 2003.
Acts 2001, No. 816, § 1.[1]
Accordingly, there is a conflict between Act 1789 and Act 816.
It is my opinion that Act 1789 should take precedence in this conflict.
The Arkansas Code explicitly addresses situations in which two conflicting acts are passed during the same session.
The applicable provisions state:
 (a)(1) When identical acts are enacted by the General Assembly during the same session, the act which the Governor signs last shall be deemed to have repealed the earlier enactment.
* * *
 (b)(1) When more than one (1) act concerning the same subject matter is enacted by the General Assembly during the same session, whether or not specifically amending the same sections of the Arkansas Code or an uncodified act, all of the enactments shall be given effect except to the extent of irreconcilable conflicts in which case the conflicting provision of the last enactment shall prevail.
A.C.A. § 1-2-207(a)(1), (b)(1); Accord, Uilkie v. State, 309 Ark. 48,827 S.W.2d 131 (1992); Daniels, Director v. City of Fort Smith,268 Ark. 157, 594 S.W.2d 238 (1980).
Under the foregoing statutory and judicial precedents, I must conclude that because Act 1789 was enacted later in time than Act 816, it must govern, and the election for the additional circuit judgeship for the 16th Judicial Circuit must be held at the same time as the preferential primaries — Tuesday, May 21, 2002.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] Although Act 816 amends A.C.A. § 16-14-2403, this provision of the Act was not codified.