The Honorable Chaney Taylor, Jr. State Representative P.O. Box 2721 Batesville, AR 72503-2721
Dear Representative Taylor:
You have presented the following question for my opinion:
 When should the elections for the judgeships created by Acts 114, 300, 816, and 1186 of 2001 be held?
RESPONSE
It is my opinion that the elections for the judgeships created by Acts 114, 300, 816, and 1186 of 2001 should be held on May 21, 2002.
As you note in your correspondence, Acts 114, 300, 816, and 1186 of 2001 all create new circuit judgeships. Each of these acts provides that the governor is to fill these judgeships by an appointee who is to serve until December 31, 2002. The acts further provide that at the November general election, the electors will elect judges to fill these positions on January 1, 2003.
In conflict with Acts 114, 300, 816, and 1186 is Act 1789 of 2001, which designates certain judgeships (including circuit judgeships) as nonpartisan, and provides that the election for such judgeships is to be held "on the same dates and at the same times and places as provided by law for preferential primary elections." Acts 2001, No. 1789 (codified at A.C.A. § 7-10-102(b)(1)). The dates for preferential primary elections are governed by A.C.A. § 7-7-203, which states in pertinent part:
 (a) The general primary election shall be held on the second Tuesday in June preceding the general election.
 (b) The preferential primary election shall be held on the Tuesday three (3) weeks prior to the general primary election.
A.C.A. § 7-7-203(a)(b).
Under the above-quoted provisions, preferential primaries are to be held on Tuesday, May 21, 2002.
There is thus a direct conflict between Act 1789 and Acts 114, 300, 816, and 1186.
I have recently issued Opinion Number 2002-033, in which I addressed this precise issue with regard to Act 816. I concluded that Act 1789 should take precedence over Act 816, because it was enacted later in the legislative session. As I noted in Opinion No. 2002-033, the Arkansas Code explicitly addresses situations in which two conflicting acts are passed during the same session.
The applicable provisions state:
 (a)(1) When identical acts are enacted by the General Assembly during the same session, the act which the Governor signs last shall be deemed to have repealed the earlier enactment.
* * *
 (b)(1) When more than one (1) act concerning the same subject matter is enacted by the General Assembly during the same session, whether or not specifically amending the same sections of the Arkansas Code or an uncodified act, all of the enactments shall be given effect except to the extent of irreconcilable conflicts in which case the conflicting provision of the last enactment shall prevail.
A.C.A. § 1-2-207(a)(1), (b)(1); Accord, Uilkie v. State, 309 Ark. 48,827 S.W.2d 131 (1992); Daniels, Director v. City of Fort Smith,268 Ark. 157, 594 S.W.2d 238 (1980).
Act 1789 was enacted later during the session than all of the acts about which you have inquired. Act 114 was approved on February 7, 2001. Act 300 was approved on February 19, 2001. Act 816 was approved on March 19, 2001. Act 1186 was approved on March 29, 2001. Act 1789 was approved on April 19, 2001 — after the four that are the subject of your question.
Accordingly, I must conclude that because Act 1789 was enacted later in time than Acts 114, 300, 816, and 1186, it must govern, and the election for the additional circuit judgeships created by these acts must be held at the same time as the preferential primaries — Tuesday, May 21, 2002.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General